MARTIN LENNON *vs.* JAMES K. PORTER & another.

A mesne assignee of a mortgage, who has parted with all his interest, is not a proper party to a bill in equity to redeem, if he has never received any rents and profits; nor, it *seems*, if he has.

BILL IN EQUITY against James K. Porter and John G. Wetherell, to redeem four lots of land in Roxbury from mortgages

40*

made by Joseph F. Sinclair and Andrew Horn. Wetherell de-murred to the bill on the ground that he should not have been made a party. So much of the bill, as concerns the question raised by the demurrer, is stated in the opinion.

*W. S. Dexter,* for Wetherell.

*G. Minot & C. P. Judd,* for the plaintiff.

BIGELOW, J. The only question raised by the demurrer in this case is, whether the defendant Wetherell is properly made a party to the suit. It appears by the averments in the bill, that the four lots of land, which the plaintiff seeks to redeem, were subject to certain mortgages, held by John W. Bradlee; and that Bradlee on the 23d of June 1852, by his deed of that date, released said four lots, together with other lands, to his two daughters, Elizabeth R. Porter and Mary M. Wetherell, the wives of the defendants, and that, on the 8th of October 1853, Porter and wife and Wetherell and wife conveyed the same premises to Barnabas Loring, who, on the same day, reconveyed them to Porter alone. It further appears, that Porter and Wetherell made an entry on said four lots in July 1853, before their conveyance to Loring, and ejected the plaintiff from his possession thereof. These are all the averments contained in the bill, which allege any connection of Wetherell with, or relation to the said estate, which the bill seeks to redeem. It is not averred that he ever received any rents or profits from the estate, or that he is in any way bound to account therefor to the plaintiff. He was never even assignee of the mortgage. The conveyance from Bradlee, of the four lots, was made to the wife of Wetherell jointly with the wife of Porter. His possession of the estate was therefore in the right of his wife. This possession continued only for about three months without any perception of rents and profits, to be accounted for, so far as appears from the bill, up to the time when Mrs. Wetherell conveyed all her interest in the prem-ises, by a deed executed jointly with her husband, and thereby assigned absolutely all interest or right under the mortgages acquired by the conveyance from Bradlee.

It therefore appears that the only ground on which the plain-tiff seeks to maintain his bill against Wetherell is, that he was

the husband of an intermediate assignee of the mortgage, who, long before the filing of the bill, had assigned all her interest in the mortgage absolutely, neither of them having received any rents or profits of the mortgaged estate, for which they are bound to account. Upon these facts, it is difficult to see any plausible ground for making Wetherell a party. He has no interest in the suit, or in the subject matter of the suit, or in the object of the bill; and no possible contingency or aspect of the cause can entitle the plaintiff to a decree against him. It is therefore, upon the most familiar principles, a clear case of misjoinder of a party. Story Eq. Pl. §§ 72, 76 *b*, 231.

We are strongly inclined to the opinion that if it had appeared by the bill that Wetherell had been at one time assignee of the mortgage in his own right, but before filing of the bill had assigned all his interest in the mortgage and mortgage debt, he could not, under our statutes, be properly joined as a defendant. It is well settled as a rule of practice, in all courts of equity, that where a mortgage has been absolutely assigned, it is not necessary, in a bill to redeem, to make any person but the last assignee a party defendant; because, by accepting the assignment, he contracts to stand in the place and as the representative of all the other mesne assignees as well as of the original mortgagee. *Chambers* v. *Goldwin*, 9 Ves. 268. 1 Dan. Ch. Pract. 307. Under our statutes, no decree can be had, on a bill to redeem, except against the mortgagee or the person holding his estate in the premises. Rev. Sts. *c.* 107, §§ 14, 23. It cannot be maintained, as a bill for an account, against parties who at the time of the commencement of the suit have no interest in the mortgage or the debt secured thereby. It would seem therefore that an intermediate assignee of a mortgage, who had parted with his whole interest in it, would be neither a necessary nor a proper party defendant to a bill for redemption. Certainly not where it appears on the face of the bill that he had never received any rents or profits out of the mortgaged estate.

*Demurrer sustained; bill dismissed as to Wetherell.*